UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICKY K.,[1]

                        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

DECISION & ORDER

20-CV-1400MWP

_____

## PRELIMINARY STATEMENT

Plaintiff Ricky K. ("plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI").  Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 29, 2018, this case has been assigned to, and the parties have consented to the disposition of this case by, the undersigned.  (Docket # 15).

Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket ## 11, 12).  For the reasons set forth below, this Court finds that the decision of the Commissioner is supported by substantial evidence in the record and is in accordance with applicable legal standards.

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

Accordingly, the Commissioner's motion for judgment on the pleadings is granted, and plaintiff's motion for judgment on the pleadings is denied.

## DISCUSSION

**I.     Standard of Review**

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards.  See *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted).  Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence."  *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

    (1)    whether the claimant is currently engaged in substantial gainful activity;

    (2)    if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

    (3)    if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations (the "Listings");

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his or her past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## II.  Plaintiff's Contentions

Plaintiff contends that the ALJ's determination that he is not disabled is not supported by substantial evidence. (Docket ## 11, 14). Plaintiff's sole challenge to the ALJ's determination is that the ALJ's conclusion that he retains the ability to walk for up to six hours of the workday is not supported by substantial evidence because it conflicts with the record evidence, including the moderate walking limitations assessed in two of the medical opinions of record.[2] (*Id.*).

## III.  Analysis

An individual's RFC is his "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52

---

[2] Plaintiff's challenge relates solely to his physical impairments, and plaintiff does not challenge any portion of the ALJ's determination relating to his mental limitations. Therefore, the Court will limit its analysis and discussion of the relevant medical evidence to plaintiff's physical impairments.

(2d Cir.1999) (quoting SSR 96–8p, 1996 WL 374184, *2 (1996)). In making an RFC assessment, the ALJ should consider "a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 221 (N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)). "To determine RFC, the ALJ must consider all the relevant evidence, including medical opinions and facts, physical and mental abilities, non-severe impairments, and [p]laintiff's subjective evidence of symptoms." *Stanton v. Astrue*, 2009 WL 1940539, *9 (N.D.N.Y. 2009) (citing 20 C.F.R. §§ 404.1545(b)-(e)), *aff'd*, 370 F. App'x 231 (2d Cir. 2010) (summary order).

        Here, the ALJ found that plaintiff had the severe impairments of "right leg injury with open reduction and internal fixation residuals, amputation of the right second toe and lumbar spine old compression fracture, asthma, and posttraumatic stress disorder." (Tr. 22-23).[3] The ALJ determined that plaintiff retained the RFC to perform light work, including sitting and standing and/or walking for up to six hours during the workday, except that plaintiff required the ability to sit and stand at will, could only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, and was unable to climb ladders, ropes, or scaffolds or work in environments with exposure to temperature extremes or respiratory irritants. (Tr. 28). In reaching this RFC determination, the ALJ relied upon opinions by consulting physicians Dr. Liu and Dr. Krist and physician's assistant K. Suteh. (Tr. 31-32).

        On January 31, 2017, Suteh, a physician's assistant at the Jericho Road Community Health Center, completed a form relating to plaintiff entitled "Medical Examination for Employability Assessment, Disability Screening, and Alcoholism/Drug Addiction

---

[3] References to page numbers in the Administrative Transcript (Docket # 10) utilize the internal Bates-stamped pagination assigned by the parties.

Determination." (Tr. 542-43). Suteh opined that plaintiff had no limitations in his ability to stand or sit but was moderately limited in his ability to walk. (*Id.*). According to Suteh, due to chronic right foot pain, plaintiff should be restricted from activities requiring prolonged walking or climbing. (*Id.*). Suteh recommended that plaintiff attend physical therapy and expected his restrictions to last approximately four to six months. (*Id.*). The ALJ stated that he found Suteh's opinion to be persuasive. (Tr. 31).

On February 5, 2018, Liu conducted an internal medicine examination of plaintiff. (Tr. 323-30). During the examination, plaintiff complained of body pain with associated numbness and tingling in his right foot. (*Id.*). Plaintiff reported that cold weather exacerbated his pain and that he was only able to walk approximately one block and needed to alternate positions between sitting and standing approximately every ten minutes. (*Id.*).

Liu noted upon examination that plaintiff "appeared to be in no acute distress." (*Id.*). Plaintiff walked with a limp, had normal stance, used no assistive devices, needed no help changing for the examination or getting on and off the examination table, and was able to rise from a chair without difficulty. (*Id.*). According to Liu, plaintiff was unable to perform the heel and toe walk and was only able to squat eighty percent of full due to foot pain. (*Id.*). As it related to plaintiff's musculoskeletal examination, Liu reported that plaintiff's cervical spine showed "full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally." (*Id.*). Plaintiff's thoracic spine contained no signs of scoliosis, kyphosis, or abnormality. (*Id.*). His lumbar spine's flexion and extension were limited to eighty degrees and the lateral flexion and rotation were limited to twenty degrees. (*Id.*). Liu noted that straight leg tests were negative bilaterally, that plaintiff had full range of motion in his shoulders, elbows, forearms, and wrists bilaterally, as well as in his hips and knees bilaterally, but that plaintiff's dorsiflexion and

plantarflexion were limited bilaterally in his ankles. (*Id.*). Plaintiff's joints were stable and nontender. (*Id.*). Liu also reported that plaintiff had decreased sensation in his right foot but no muscle atrophy in his extremities, and his hand and finger dexterity were intact, with 5/5 grip strength bilaterally. (*Id.*). Liu reviewed an x-ray of plaintiff's lumbar spine that demonstrated straightening. (*Id.*). In terms of activities of daily living, plaintiff stated that he cooked once a week, shopped twice a month, and showered and dressed himself daily. (*Id.*). He enjoyed watching television, listening to the radio, and socializing with friends. (*Id.*).

Based upon his examination of plaintiff, Liu opined that plaintiff's prognosis was "stable" and that he had "mild to moderate limitation for prolonged walking, bending, and kneeling." (*Id.*). Liu also opined that plaintiff should avoid dust and other irritants due to his asthma. (*Id.*). The ALJ determined that Liu's opinion was persuasive because it was supported by the examination findings and the evidence as a whole. (Tr. 32).

Upon review of plaintiff's medical records and Liu's opinion, on March 5, 2018, state consulting physician C. Krist, DO, opined that plaintiff was able to sit and stand and/or walk up to six hours during a work day and could frequently lift up to ten pounds and occasionally lift up to twenty pounds. (Tr. 81-84). According to Krist, plaintiff was unlimited in his ability to push and pull, but could only occasionally balance, stoop, kneel, crouch, and crawl, and could never climb ladders, ropes, or scaffolds. (*Id.*). Krist opined that plaintiff should avoid exposure to temperature extremes, respiratory irritants, and hazardous machinery. (*Id.*). Krist also opined that plaintiff should be permitted to alternate between sitting and standing for at least two minutes during every hour. (*Id.*). The ALJ found Krist's opinion to be persuasive, reasoning that it was consistent with plaintiff's need to shift positions during the hearing, as well as Liu's opinion that plaintiff was limited in his ability to engage in prolonged walking. (Tr. 32).

Plaintiff maintains that the ALJ's conclusion that he was capable of walking up to six hours per workday is not supported by the record evidence, particularly the walking limitations assessed by Liu and Suteh. I disagree. As noted above, Liu assessed that plaintiff has a mild to moderate limitation for prolonged walking, and Suteh recommended that plaintiff not be required to engage in prolonged walking or climbing. I conclude that the ALJ's determination that plaintiff was capable of performing the walking requirements of light work so long as he was provided the ability to alternate positions and accommodation of his other postural limitations was well-supported by the opinions provided by Liu and Suteh. *See*, *e.g.*, *Luis S. v. Comm'r of Soc. Sec.*, 2021 WL 534804, *5 (W.D.N.Y. 2021) ("there is nothing inconsistent between [consulting physician's] conclusion that plaintiff had 'mild to moderate limitations for prolonged walking' and his assessment that plaintiff was capable of walking for a total of five hours and standing for a total of four hours during an eight-hour workday"); *Cook v. Comm'r of Soc. Sec.*, 2020 WL 1139909, *3 (W.D.N.Y. 2020) ("[t]he ALJ's RFC determination clearly incorporated the 'mild to moderate limitations' opined by [consulting physician] 'for prolonged walking, bending, and kneeling' . . . , which is demonstrated by the ALJ's determination to limit [plaintiff] to light work, with only occasional balancing, stooping, kneeling, and crouching") (collecting cases); *Larson v. Comm'r of Soc. Sec.*, 2020 WL 5018331, *11 (W.D.N.Y. 2020) ("the ALJ accepted [consulting physician's] opinion that [plaintiff] had 'mild to moderate limitation to perform sustained physical activities due to poor weight control,' which is reflected by the ALJ limiting [plaintiff] to light work with a sit/stand option"); *Grega v. Berryhill*, 2019 WL 2610793, *10 (W.D.N.Y. 2019) ("although some courts have found that moderate limitations for exertional work activities such as prolonged sitting, walking, standing, lifting, pushing, and pulling may be inconsistent with an ability to perform the full range of light work,

other courts have concluded otherwise"), *aff'd*, 816 F. App'x 580 (2d Cir. 2020) (summary order); *Varnum v. Colvin*, 2016 WL 4548383, *17 (W.D.N.Y. 2016) ("several courts have upheld an ALJ's decision that a claimant could perform light or sedentary work even where there is evidence that the claimant had moderate difficulties in prolonged sitting or standing") (quotation omitted).

Moreover, plaintiff's ability to walk for up to six hours per day is supported by other substantial evidence in the record, and the ALJ provided reasons "tending to support the finding that, despite the moderate limitations[,] . . . [plaintiff] could still perform light work." *Carroll v. Colvin*, 2014 WL 2945797, *4 (W.D.N.Y. 2014); *see Collier v. Colvin*, 2016 WL 4400313, *3 (W.D.N.Y. 2016) (consultative opinion that plaintiff was moderately limited in standing and walking supported ALJ's RFC assessment that plaintiff could perform light work where ALJ's decision summarized the medical evidence and explained how that evidence demonstrated that plaintiff could work despite those limitations). Indeed, the ALJ's conclusion that plaintiff is capable of engaging in the walking requirements of light work so long as he was provided the ability to alternate positions between sitting and standing is entirely consistent with the opinion of non-examining state consultant Kirst, who opined that plaintiff was capable of walking for up to six hours per day but should be permitted the opportunity to alternate between sitting and standing at least two minutes every hour. (Tr. 81-82). Contrary to plaintiff's assertions, "[i]t is well settled that, under both the old and the new regulations concerning the evaluation of medical evidence, an ALJ may rely on the opinion of a non-examining state agency consulting in disability claims." *Amber H v. Saul*, 2021 WL 2076219, *5 (N.D.N.Y. 2021) (citing *Tamara M. v. Saul*, 2021 WL 1198359, *7 (N.D.N.Y. 2021) (under the new regulations, the opinions of all medical sources, including non-examining medical consultants, will be held to

the same standard of persuasiveness of content)).  In addition, the ALJ noted that his assessment of plaintiff's RFC is consistent with plaintiff's activities of daily living, which include childcare, cooking, shopping, driving, and home renovations, and his medical records demonstrating minimal treatment for his leg impairments and general improvement of symptoms through physical therapy.  (Tr. 30-31).  Indeed, plaintiff's physical therapy records from the spring of 2019 reflect improvement in addressing plaintiff's right leg impairment, resulting in decreased pain and increased strength, stability, and range of motion.  (Tr. 515).  Accordingly, I conclude that the ALJ's RFC assessment was well-supported by the record.  *Pellam v. Astrue*, 508 F. App'x 87, 91 (2d Cir. 2013) (summary order) ("[u]pon our independent review of the existing record, including [the consultative examiner's opinion] and the treatment notes from [plaintiff's] doctors, we conclude that the ALJ's residual functional capacity determination was supported by substantial evidence").

## **CONCLUSION**

After a review of the entire record, this Court finds that the Commissioner's denial of SSI was based on substantial evidence and was not erroneous as a matter of law. Accordingly, the ALJ's decision is affirmed.  For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 12)** is **GRANTED**.  Plaintiff's motion for

judgment on the pleadings **(Docket # 11)** is **DENIED**, and plaintiff's complaint (Docket # 1) is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                     *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
             January 6, 2022